UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Norman E. Thompson
_____
_____
                    Plaintiff,
[Insert full name of plaintiff/prisoner]

**RECEIVED JUN 06 2016 PRO SE OFFICE**

**CIVIL RIGHTS COMPLAINT**
42 U.S.C. § 1983

**CV 16- 2665**

JURY DEMAND   COGAN, J.
(YES) ✓   NO ____

-against-

Ronda Hicks, Barry Davis, Oscar Polanco, Dennise Grannum, NYPD, Asako Ishii, Rodney Smith, NYS Dept of Correction & Supervision, Gregory Besso, NYC District Attorney's office, The State of New York and, New York City office of The City of New York, The Chief Medical Examiner, The Brooklyn District Attorney's office

                    Defendant(s).

[Insert full name(s) of defendant(s). If you need additional space, please write "see attached" and insert a separate page with the full names of the additional defendants. The names listed above must be identical to those listed in Part I]

I. **Parties:** (In item A below, place your name in the first blank and provide your present address and telephone number. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff  Norman E. Thompson

If you are incarcerated, provide the name of the facility and address:

Clinton Correctional Facility (Annex)
1074 Rt. 374, P.O. Box 2002
Dannemora, NY 12929

Prisoner ID Number: 15A2785

1

If you are not incarcerated, provide your current address:

_____

_____

_____

Telephone Number: _____

**B. List all defendants.** You must provide the full names of each defendant and the addresses at which each defendant may be served. The defendants listed here must match the defendants named in the caption on page 1.

Defendant No. 1

Ronda Hicks, Shield #1687
Full Name

Parole Officer
Job Title

New York State Department of Correction, Brooklyn Five.
Address   15 Second Ave
718-780-9222   BKlyn, NY 11215

Defendant No. 2

Barry Davis, Shield #630
Full Name

Parole Officer
Job Title

New York State Department of Correction. Brooklyn Five
Address  15 Second Ave, BKlyn, NY 11215

Defendant No. 3

Oscar Polanco, Shield #672
Full Name

Police Officer
Job Title

Patrol Borough Brooklyn North
179 Wilson Ave, BKlyn NY 11237

Address

**Defendant No. 4**

Asako Ishii
Full Name

Criminalist
Job Title

NYC Office of Chief Medical Examiner, 421 E. 26th Street, NYC 10016
Address

**Defendant No. 5**

Gregory Basso
Full Name

Assistant District Attorney
Job Title

350 Jay Street, BKlyn
NY, 11201
Address

(See Attached for other Defendants)

## II. Statement of Claim:

(State briefly and concisely, the facts of your case. Include the date(s) of the event(s) alleged as well as the location where the events occurred. Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights. You need not give any legal arguments or cite to cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. You may use additional 8 ½ by 11 sheets of paper as necessary.)

Where did the events giving rise to your claim(s) occur? 393 Jefferson Ave, BKlyn, NY 11221, 1st floor apartment

When did the events happen? (include approximate time and date) November 12, 2013 at approximately 8pm

3

Address

Defendant No. 4

[illegible]
Full Name

[illegible]
Job Title

[illegible]
Address

Defendant No. 5

[illegible]
Full Name

[illegible]
Job Title

[illegible]
Address

II. Statement of Claim

[illegible] and concisely, the facts of your case. Include the dates of the events alleged as well as the location where the events occurred. Include the names of each defendant and state how each person named was involved in the events you are claiming violated your rights. You do not give any legal arguments or cite to cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. You may use additional 8 1/2 by 11 sheets of paper as necessary.)

Where did the events giving rise to your claim(s) occur? [illegible]

When did the events happen? (include approximate date and time) [illegible]

Dennise Grennum _____ Full Name
Parole Supervisor _____ Job Title
New York State Department of
Correction. Brooklyn Five _____ Address
15 Second Ave, BKlyn NY 11215

Rodney Smith _____ Full Name
Parole Supervisor _____ Job Title
New York State Department of
Correction. Brooklyn Five _____ Address
15 Second Ave, BKlyn NY 11215

New York City Police Department _____ Full Name
C/O Commissioner William Bratton _____ Job Title
One Police Plaza
NYC, 10038 _____ Address

The City of New York _____ Full Name
C/O Comptroller Scott Stringer _____ Job Title
One Centre Street, New York
City 10007 _____ Address

3a



**Full Name:** New York State Office of the Attorney General
**Job Title:** [Attorney General]
**Address:** C/O Attorney General Schneiderman, The Capitol, Albany, New York 12224

**Full Name:** New York City Office of the Chief Medical Examiner
**Job Title:** [Chief Medical Examiner]
**Address:** C/O Commissioner Sampson, MD PhP, 421 E. 26th Street, NYC 10016

**Full Name:** The Brooklyn District Attorney's Office
**Job Title:** DA
**Address:** C/O Ken Thompson, 350 Jay Street, BKlyn NY 11201

**Full Name:** New York State Department of Correction and Supervision
**Job Title:** [Commissioner]
**Address:** C/O Commissioner Annucci, W. Averell Harriman State Office Building Campus, 1220 Washington Ave, Albany NY, 12203

3b

Facts: (what happened?) *Please see attached complaint*

**II.A.   Injuries.**   If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required. Was medical treatment received?

*None*

**III.  Relief:** State what relief you are seeking if you prevail on your complaint.

Please see attached Complaint

I declare under penalty of perjury that on _____, I delivered this
(date)
complaint to prison authorities at _____ to be mailed to the United
(name of prison)       N/A.
States District Court for the Eastern District of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 5/6/16

X_____
Signature of Plaintiff

CLINTON CORRECTIONAL FACILITY
Name of Prison Facility or Address if not incarcerated

P.O. Box 2002, 1074 RT. 374
DANNEMORA, NEW YORK [12929]
_____
Address

15A2785
Prisoner ID#

rev. 12/1/2015

Submitted June 6, 2016 n1.

## Norman Thompson Complaint Continued

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NORMAN THOMPSON,


                               Plaintiff

                               V.

RONDA HICKS, BARRY DAVIS, DENNISE GRANNUM, RODNEY SMITH, OSCAR POLANCO, ASAKO ISHII, GREGRORY BASSO,
NEW YORK CITY POLICE DEPARTMENT,
NEW YORK STATE DEPARTMENT OF CORRECTION AND SUPERVISION, THE STATE OF NEW YORK, NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL, THE BROOKLYN DISTRICT ATTORNEY'S OFFICE, THE CITY OF NEW YORK AND NEW YORK CITY OFFICE OF THE CHIEF MEDICAL EXAMINER

                               Defendant (s).

------------------------------------------------------------X


**Facts: Nature of Claim:** False Imprisonment, Violation of Rights protected under the Constitution, Abuse of process, Municipal liability, Excessive detention, Negligent infliction of emotional distress, Intentional infliction of emotional distress, Negligent retention, Harassment, Gross negligence, Violation of civil rights under the Constitution of the State of New York and United States of America.

**The time when, the place where and the manner in which the claim arose:** Norman Thompson, indictment No. 09802-2013 was sentenced on June 17, 2015. From the time of his arrest and throughout the trial many civil rights violations occurred. Norman Thompson was on parole in November 2013 at home sleeping (11-12-13). Nearly a dozen Parole officers came to search his home. The following civil rights violations occurred:

- A gun was retrieved from the wall in his room. Norman Thompson denies having any knowledge about this firearm. Parole says it was wrapped inside

plastic and a towel. The original arrest charge by NYPD officer Oscar Polanco, Shield # 672 was CRIMINAL POSSESSION OF A WEAPON IN THE THIRD DEGREE, CLASS D. However, Assistant District Attorney Gregory Basso unlawfully upgraded the charges. Norman Thompson was indicted on: CRIMINAL POSSESSION OF A WEAPON IN THE SECOND DEGREE, CRIMINAL POSSESSION OF A WEAPON IN THE THIRD DEGREE, CRIMINAL POSSESSION OF A FIREARM, CRIMINAL POSSESSION OF A WEAPON IN THE FOURTH DEGREE. Mr. Basso got a conviction on **CRIMINAL POSSESSION OF A WEAPON IN THE SECOND DEGREE.** Norman Thompson wasn't charged with this upon arrest. There wasn't any evidence to support this charge that Mr. Basso won the case on. During the sentencing, The Court and Mr. Basso said that charges weren't upgraded against Norman Thompson. They unlawfully went ahead with sentencing.

- Acting under the direct supervision of NYS Parole Supervisor, Denise Grannum and Rodney Smith; NYS Parole officer Ronda Hicks, Shield # 1681 testified that she retrieved a gun in a wall that was wrapped in plastic and a towel. Officer Hicks testified that she handled the gun in the towel not the plastic (Trial Minutes line 3-4). Later, Officer Hicks testified that she doesn't know where the towel or the plastic is. (Trial Minutes line 2-3) NYS Parole Officer Barry Davis, Shield # 630 was also present with officer Hicks during the search. Officer Davis testified that he too doesn't know what happened to the towel or plastic (Trial Minutes line 22). NYS Parole can't account for key pieces of evidence that could have possibly been used to exonerate Norman Thompson. Brooklyn Assistant District Attorney Basso and the Court choose to over look that NYS Parole suppressed the evidence (the towel and the plastic). NYS Parole was never able to physically produce the plastic or the towel that the gun was wrapped in at trial. Still the Court and ADA went ahead with a conviction when parole didn't present all of the evidence.

- NYPD officer Oscar Polanco, Shield # 672 testified that he retrieved the gun with bare hands and didn't wear gloves. Officer Dennis Kosta, Shield # 5788 from the Evidence Collection Unit testified that no fingerprints were found on the gun. (Trial Minutes line 15 and line 7). Why aren't officer Polanco's prints on the gun? How could the gun not have any fingerprints at all when Polanco admitted to holding it with bare hands? NYPD tampered with the evidence!

- Criminalist Asako Ishii from the Office of Chief Medical Examiner testified on cross examination that DNA from Norman Thompson was found on the front strap, back strap and side grips as **Swab One**. However, officer Dennis Kosta,

Norman Thompson indictment # 9802-2013

2

testified that he prepared the swabs for the Evidence Collection Kit and sent them to the OCME. Officer Kosta testified to **Swab One** as the <u>trigger and trigger guard</u> not the front strap, back strap and side grips (which is where DNA was found from another donor). Ms. Ishii lied and gave false testimony for swab 1. She knew that Norman Thompson's DNA wasn't on the front strap, back strap and side grips. (Trial Minutes, line 1 and 21). **Swab Two** is the <u>front strap, back strap and side grips</u> (Trial Minutes, line 22 and 7 and Police Report, Evidence Collection Kit and OCME DNA report). **Swab Three** is the <u>slide grip grooves, slide release & safety</u>. The OCME's DNA report evidenced suitable DNA comparisons on Swab Two and Swab Three. Norman Thompson's DNA wasn't on either swab. ADA Basso and Ms. Ishii willfully and knowingly gave false testimony to get a conviction. The OCME report indicates that DNA from a previous case that Norman Thompson was convicted on was also found to be on the <u>slide grip grooves, slide release & safety</u>. However, Norman Thompson's DNA was never found to be on Swab Two or Swab Three in this case or the previous case (GS00-0464). If Norman Thompson's DNA was not found on either Swab Two or Swab Three which is where the Donor DNA evidence was, then Ms. Ishii and the OCME deliberately lied. Ms. Ishii led the court to believe that Norman Thompson's DNA was on the <u>front strap, back strap and side grips</u> **relabeling** it as Swab 1. When in fact Swab 2 was the <u>front strap, back strap and side grips</u>. This makes her actions/findings illegal and her testimony a lie. Ms. Ishii's actions are criminal.

- Ms. Ishii testified that it's highly unlikely for just touched transfer DNA (Hearing Minutes 5/21/15, page 309, line 18-19). It's grossly negligent for Asako Ishii to make such statements at trial when she never had in her custody or conducted DNA analysis on the transfer items; the towel and plastic, which were handled by NYS Parole at the scene. Also, in her testimony, Ms. Ishii states that there are at least 4 additional donor samples of DNA in which she didn't conduct any comparisons. Officers held/touched Norman Thompson then handled the firearm. It was further reported that officer(s) <u>touched the gun with bare hands at the scene</u>. The police report details officer <u>Polanco refusing a buccal swab</u>. Officers Kosta, Hicks and Davis also declined to be swabbed. With additional donor samples on the firearm, Ms. Ishii and the OCME still chose not to conduct any comparisons. DNA doesn't put the gun in Norman Thompson's hands. It simply supports that fact of transfer DNA from Norman Thompson to parole/police which was transferred to the firearm.

- During the trial, the arresting officer, Polanco testified that the gun was found at the home unloaded by Parole. Then suddenly Assistant District Attorney Basso and the Court began to lead officer Polanco, asking him to talk into the

Norman Thompson indictment # 9802-2013                                    3

microphone and then pull in his chair. Again, officer Polanco said the gun was found unloaded at the home. Then the Court requested side bar and went off the record. When they reconvened, NYPD officer Polanco suddenly changed his testimony saying the firearm was loaded. (5/20/15 Hearing Minutes p. 239, line 11-24.) The Court and ADA Basso were able to get the arresting officer to change his testimony at side bar.

- Norman Thompson has been railroaded through this system. Charges and testimony were simply not true and used to convict him on 6/17/15 for thirteen years. Parole, police, OCME, ADA all tampered with and suppressed the evidence just for conviction. Police was persuaded by the Court and ADA to change their testimony. I formally bring this claim against the entities mentioned.

**Relief: The items of damage or injuries claimed are:** pain, suffering, loss of earnings, loss of enjoyment of life, loss of freedom, emotional distress, mental anguish, other mental health problems, shame, humiliation, indignity, damage to reputation, and incurred monetary costs and other damages.

- ✓ Immediate Release of NORMAN THOMPSON
- ✓ Ronda Hicks, Parole Officer – $1,000,000.00 (One Million Dollars)
- ✓ Barry Davis, Parole Officer – $1,000,000.00 (One Million Dollars)
- ✓ Denise Granum, Parole Supervisor – $1,000,000.00 (One Million Dollars)
- ✓ Rodney Smith, Parole Supervisor – $1,000,000.00 (One Million Dollars)
- ✓ Oscar Polanco, Police Officer – $5,000,000.00 (Five Million Dollars)
- ✓ Asako Ishii, Criminalist – $7,000,000.00 (Seven Million Dollars)
- ✓ Gregory Basso, Assit. District Attorney – $7,000,000.00 (Seven Million Dollars)
- ✓ THE CITY OF NEW YORK: $10,000,000.00 (Ten Million Dollars)
- ✓ THE STATE OF NEW YORK: $10,000,000.00 (Ten Million Dollars)
- ✓ NEW YORK STATE DEPARTMENT OF CORRECTION & SUPERVISION - $5,000,000.00 (Five Million Dollars)
- ✓ NEW YORK CITY OFFICE OF THE CHIEF MEDICAL EXAMINER - $10,000,000.00 (Ten Million Dollars)
- ✓ NEW YORK STATE OFFCIE OF THE ATTORNEY GENERAL – $7,000,000.00 (Seven Million Dollars)
- ✓ BROOKLYN DISTRICT ATTORNEY'S OFFICE - $5,000,000.00 (Five Million Dollars)
TOTAL: $70,000,000.00 (Seventy Million Dollars)
Claimant also seeks permanent injunctive, punitive relief against the respondents related to their conduct.